The case was initially heard before the Deputy Commissioner in Charlotte, North Carolina on December 7, 1993.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications.
It is noted that at the oral argument on the matter, plaintiff moved to have additional evidence admitted into the record which allegedly would tend to show a further change on condition which has rendered plaintiff permanently disabled. The undersigned are of the opinion, in their discretion, that such evidence should not be admitted at this time, as the proper procedure in this case for alleging a further change of condition will be to file a Form 33 upon conclusion of the Full Commission appeal of the decision which was rendered based upon plaintiff's condition prior to the date the decision was rendered.
The Full Commission, in their discretion, have determined that sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate Award.
* * * * * * * * * * *
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. A North Carolina Industrial Commission Form 21, Settlement Agreement dated December 16, 1991 appears in the Commission file.
2. On November 18, 1991 the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date(s) the employer-employee relationship existed between the parties.
4. As of said date(s) the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on November 18. 1991.
6. On said date the plaintiff was earning an average weekly wage of $738.17.
7. That the issues to be determined in this case are:
 a. Has the plaintiff suffered a change of condition with respect to the injury he sustained on November 18, 1991;
 b. Are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what further compensation, if any, is the plaintiff entitled under the Act.
8. The plaintiff is making no claim for compensation prior to the date of December 27, 1992.
At the initial hearing on December 7, 1993 the parties introduced the following exhibits:
 1. Defendant's Exhibit 1, marked D1, consisting of a three-page document dated March 1 or 4 of 1993 to which the plaintiff objects.
 2. Defendant's Exhibit 2, marked D2, consisting of a report dated October 15, 1992 to which the plaintiff objects.
 3. Defendant's Exhibit 3, marked D3, consisting of a video tape which is admitted into evidence upon the condition that plaintiff be provided with the original eight millimeter film for viewing and provided that the plaintiff may submit such objections and exceptions thereto as may be appropriate subsequent to the closing of the record in this case.
Subsequent to the initial hearing on December 7, 1993 the parties entered the following documentation into the record:
 1. Deposition of Carol Farrell, R.N. dated February 7, 1994.
 2. Deposition of Dr. Joseph Estwanik dated December 28, 1993.
 3. Deposition of Dr. Leon Dickerson, Jr. dated January 4, 1994.
 4. Deposition of Dr. Thomas H. Buter dated April 25, 1994.
There being no objection on the part of the plaintiff to defendant's Exhibit three, the same is admitted into evidence and considered by the undersigned to corroborate the evidence of the witnesses generating said Exhibit three.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On November 18, 1991 the plaintiff fell from a tractor-trailer while performing his work duties as a truck driver for the defendant and injured his right knee when it came in contact with the gasoline tank on the truck as he was falling.
2. As a result of this work-related injury by accident, the plaintiff sought and received medical care and treatment of his right knee and underwent arthroscopic surgery on November 22, 1991 in which a small piece of floating bone was removed from his right knee and a tear in the medial meniscus and the lateral meniscus was repaired and debrided.
3. Thereafter, the plaintiff was out of work until June 1, 1992 when he was medically released and return to full duty work with a medical rating of a 15 percent permanent partial disability of his right leg.
4. The plaintiff thereafter continued to perform his work duties as a truck driver until December 3, 1992 when he was injured while walking through a doorway when a glass door struck him on his right side causing an injury to his right hand, which injury was in no way work related, but from which injury he was medically released from his work duties.
5. On December 27, 1992, while at home, the plaintiff arose from a couch where he was reclining, at which time his right leg gave way, and he twisted his back in attempting to retain his balance and immediately felt pain in his back, right buttocks and right posterior thigh.
6. On January 4, 1992 the plaintiff again sought medical care and treatment for his right knee and on January 26, 1992 sought medical care and treatment for his back.
7. As of January 1, 1993, the plaintiff was no longer prevented from returning to work by reason of the incident occurring on December 3, 1992 when the glass door injured his hand, and although the disability rating of his right leg has been increased to 20 percent by a medical rating made on May 28, 1992, he has not been medically released to return to work since the incident occurring on December 27, 1992 when his right leg gave way causing him to twist his back and experience discomfort as above-described.
8. The plaintiff's physical condition has worsened since November 18, 1991 when he sustained the work-related injury to his right knee and June 1, 1992 when he returned under medical release to full-time work in the following ways:
 a. The degree of disability of his right leg has increased from 15 to 20 percent.
 b. As a result of the incident of December 27, 1992 when his right leg gave way, the plaintiff is now suffering from a back condition brought about when he twisted his back as a result of his said right leg and knee giving way. Plaintiff's testimony as to how this incident occurred is accepted as credible and convincing.
 c. The plaintiff's right knee is now in need of periodic medical care and treatment to remove the fluid which accumulates in his right knee joint, which condition and treatment is likely to occur and be needed from time to time in the future.
9. As of December 27, 1992, the plaintiff has suffered a compensable change of condition for the worse with respect to his right knee when compared to its condition June 1, 1992.
10. The plaintiff remains unemployed and out of work by reason of the worsening change of condition of his right knee since January 1, 1993.
11. The plaintiff was earning an average weekly wage of $738.17 on November 18, 1991.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has sustained a compensable change of condition as contemplated under the provisions of the North Carolina Workers' Compensation Act.
2. The plaintiff is entitled to temporary total disability compensation benefits from January 1, 1993 until such time as he shall attain maximum medical improvement, return to the work force or it may be otherwise Ordered by the North Carolina Industrial Commission at the rate of $406.00 per week.
3. The plaintiff is entitled to future medical expenses with respect to his right knee and back condition resulting from said injury which may give relief or tend to effect a cure of said physical condition.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
AWARD
1. The defendant shall pay to the plaintiff temporary total disability compensation benefits beginning January 1, 1993 until such time as the plaintiff shall reach maximum medical improvement, return to the work force or it shall be otherwise Ordered by the North Carolina Industrial Commission at the rate of $406.00 per week, less the attorney fee hereinafter provided.
2. The defendant shall pay all medical expense including future medical expenses which may give relief or tend to effect a cure with respect to plaintiff's right knee and back condition resulting from said injury when the same have been presented to the Commission through the Carrier and approved by said Commission.
3. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to Allen Brotherton for his services to the plaintiff to be deducted from the compensation above-provided accrued to date and thereafter by deducting every fourth weekly check and paying same directly to said attorney.
4. The defendant shall pay the costs.
FOR THE FULL COMMISSION
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
JHB/cc/mj 9/1/95